Bradley J. Swingle, SBN 171535
Amanda J. Heitlinger, SBN 271469
**ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
**A Professional Law Corporation**
1207 I Street
Post Office Box 3287
Modesto, California 95354
Telephone: (209) 522-2211
Facsimile: (209) 522-2980

Attorneys for Defendants
CITY OF CERES and DEREK PERRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER W. WELLS and SCOTT MCFARLANE,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF CERES; STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY; KIRK BUNCH; JON EVERS; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; COREY BROWN; and DEREK PERRY,<br><br>    Defendants.<br>_____/ | Case No: 1:20-CV-00770-TLN-BAM<br><br>Honorable Troy L. Nunley<br><br>**STIPULATION RE DETERMINATION OF GOOD FAITH SETTLEMENT OF DEFENDANTS CITY OF CERES AND DEREK PERRY WITH PLAINTIFFS** |

IT IS HEREBY STIPULATED by and between plaintiffs, WALTER W. WELLS and SCOTT MCFARLANE (hereafter "PLAINTIFFS" when referred to collectively), defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY, KIRK BUNCH, DALE LINGERFELT, STEVE JACOBSON, BIRGIT FLADAGER, and COREY BROWN (hereafter "COUNTY"), defendant CITY OF MODESTO (hereafter "MODESTO"), and defendant CITY OF CERES and DEREK PERRY (hereafter "CERES"), as follows:

1.  CERES is a defendant in this action.

STIPULATION FOR GOOD FAITH SETTLEMENT AND ORDER THEREON - 1

2. CERES has reached an agreement with PLAINTIFFS to pay to them the total sum of $10,000.00, with WALTER W. WELLS receiving $5,000.00 and SCOTT MCFARLANE receiving $5,000.00, in exchange for a dismissal of PLAINTIFFS' Claims against CERES.

3. PLAINTIFFS, COUNTY, MODESTO, and CERES all hereby agree and stipulate that the settlement between PLAINTIFFS and CERES is in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6.

4. California Code of Civil Procedure section 877 et. seq. governs the determination of whether the settlement entered into by and between PLAINTIFFS and CERES is in good faith. A settling party may seek a determination that a settlement was made in good faith under California Code of Civil Procedure section 877.6 in federal court. *Fed. Sav. &Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions. . . are applicable"); *Jette v. Orange Cnty., Fin., Inc.,* No. 2:08-cv-01767 GEB KJM, 2010 WL 3341561, at *2 (E.D. Cal. Aug. 23, 2010); *Maxwell v. MortgageIT, Inc*., No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1, 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); *Sunterra Corp. v. Perini Bldg. Co*., No. 2:04-cv-00784 MCE EFB, 2009 WL 2136108, at *1 (E.D. Cal. July 15, 2009) (stating that "[a] district court may properly consult the provisions of §877.6 in determining whether an early settlement meets the requisite good faith scrutiny").

Section 877.6 provides:

> (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . ., upon giving notice . . . .
>
> (2) In the alternative, a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. . . .
>
> (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . .

for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

(d) The party asserting the lack of good faith shall have the burden of proof on that issue.

California Code of Civil Procedure section 877.6.

Here, this application is unopposed and is stipulated to by all of the parties in this litigation.

5. Pursuant to California Code of Civil Procedure sections 877 and 877.6, all further Claims against CERES for equitable comparative contribution, or partial or comparative indemnity, shall be barred.

DATED: March 17, 2022           ARATA, SWINGLE, VAN EGMOND & HEITLINGER
                                A Professional Law Corporation


                                By:    /s/ Bradley J. Swingle
                                Bradley J. Swingle
                                Attorneys for Defendants
                                CITY OF CERES and DEREK PERRY


DATED: March 17, 2022           MORRISON & FOERSTER LLP


                                By:    /s/ Arturo J. Gonzalez (authorized per email)
                                Arturo J. Gonzalez
                                Attorneys for Plaintiffs
                                WALTER W. WELLS and SCOTT MCFARLANE


DATED: March 17, 2022           ALLEN, GLAESSNER, HAZELWOOD & WERTH


                                By     /s/ Patrick D. Moriarty (authorized per email)
                                Patrick D. Moriarty
                                Attorneys for Defendants
                                CITY OF MODESTO, CHIEF GALEN
                                CARROLL and DETECTIVE JON EVERS


DATED: March 17, 2022           PORTER SCOTT, APC


                                By     /s/ John R. Whitefleet (authorized per email)
                                John R. Whitefleet
                                Attorneys for Defendants
                                COUNTY OF STANISLAUS, STANISLAUS OFFICE
                                OF THE DISTRICT ATTORNEY, KIRK BUNCH,
                                DALE LINGERFELT, STEVE JACOBSON and
                                BIRGIT FLADAGER

STIPULATION FOR GOOD FAITH SETTLEMENT AND ORDER THEREON - 3

# ORDER

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated Stipulation is and shall be the Order of the Court. The settlement between plaintiffs WALTER J. WELLS, SCOTT MCFARLANE, and CERES is hereby deemed to be a good faith settlement within the meaning and effect of California Code of Civil Procedure sections 877 and 877.6. Any further claims of any joint tortfeasors or co-obligors relating to the subject matter of this lawsuit against CERES for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault are hereby forever barred and dismissed with prejudice pursuant to California Code of Civil Procedure section 877.6, subdivision (c).

**IT IS SO ORDERED.**

DATED: March 17, 2022

Troy L. Nunley
United States District Judge