UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>        Defendants.<br>_____<br><br>WALTER W. WELLS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00311-TLN-BAM<br><br>ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL COUNTY DEFENDANT TO PRODUCE DAVID HARRIS AND MARLISSA FERREIRA FOR DEPOSITION, WITHOUT PREJUDICE (Doc. 201)<br><br>ORDER ISSUING LIMITED PROTECTIVE ORDER AS TO DEPOSITIONS OF DAVID HARRIS AND MARLISSA FERREIRA<br><br>Case No. 1:20-cv-00770-TLN-BAM<br><br>(Doc. 86) |

Currently before the Court is a discovery dispute brought by Plaintiffs Baljit Athwal and Daljit Atwal and Plaintiffs Walter Wells and Scott McFarlane (together the "Moving Plaintiffs") to compel Defendant County of Stanislaus ("Defendant") to produce non-parties David Harris and Marlissa Ferreira for deposition. The individual actions brought by the Moving Plaintiffs have been consolidated for purposes of discovery, along with the actions of *Defillipo v. County of*

1

*Stanislaus, et al.*, 1:18-cv-496-TLN-BAM, *Quintanar, Jr. v. County of Stanislaus, et al.*, 1:18-cv1403-TLN-BAM, and *Estate of Carson v. County of Stanislaus, et al.*, 1: 20-cv-747-TLN-BAM.  The Moving Plaintiffs filed a Joint Statement Re Discovery Disagreement in their respective cases.[1]  (*See* Doc. 205 (*Athwal*); Doc. 91 (*Wells*).)

The matter was heard via video conference on July 29, 2022, before United States Magistrate Judge Barbara A. McAuliffe.  [APPEARANCES].

Having considered the motion, the parties' briefing and the record in this matter, Moving Plaintiffs' motions to compel County Defendant to produce David Harris and Marlissa Ferreira for deposition will be denied without prejudice.  The Court also will issue a limited protective order as to these witnesses.

**I.      RELEVANT BACKGROUND**

Plaintiffs Baljit Athwal and Daljit Atwal,[2] brothers who own convenience stores in Turlock, California, brought a civil rights action arising out of "attempts . . . to implicate [them] in the murder of an individual to secure a false murder conviction against prominent defense attorney Frank Carson."  (Doc. 169, *Athwal* Second Amended Compl. at ¶¶ 1-2.)  Plaintiffs Athwal and Atwal allege that Defendants "concocted a far-fetched story whereby Mr. Carson supposedly engaged in a sweeping conspiracy with others, including … Plaintiffs … to murder [Korey] Kauffman for allegedly stealing some scrap metal from his property."  (*Id.* at ¶ 8.)  Plaintiffs Athwal and Atwal further allege that Defendants "engaged in a retaliatory pattern of harassment and abuse toward Plaintiffs, which included unlawfully arresting them without probable cause on multiple occasions, unlawfully interrogating them for hours, setting their bail at $10 million each, and maliciously prosecuting them for supposedly participating in Mr. Carson's purported murder plot."  (*Id.*)  Plaintiffs were tried for the murder and found not guilty on the charges against them.  (*Id.* at ¶ 17.)

///

---

[1] The joint statements are identical.  For ease of understanding, the Court will reference the CM/ECF document and page numbers for the joint statement filed in *Athwal, et al. v. County of Stanislaus, et al.*, 1:15-cv-00311-TLN-BAM.

[2] Plaintiffs' last names are spelled differently. (Second Amended Complaint (Doc. 169), n. 1.)

2

Plaintiffs Walter Wells and Scott McFarlane, former California Highway Patrol ("CHP") officers, brought a related civil rights action arising out of accusations that they were engaged in a conspiracy with Mr. Carson and others to murder Korey Kauffman.  (*See generally* Doc. 61, *Wells* Second Amended Compl.).  Plaintiffs Wells and McFarlane allege that Defendants "engaged in a retaliatory pattern of harassment and abuse toward Plaintiffs, which included reaching out to the CHP so that they would conduct an internal affairs investigation to pressure Plaintiffs into testifying against Carson, unlawfully arresting them without probable cause, charging former Officer Wells with crimes for which there was no bail, and maliciously prosecuting them for supposedly participating in attorney Carson's purported murder-for-hire plot." (*Id.* at ¶ 8.)  Plaintiffs Wells and McFarlane further allege that "Defendants defamed Plaintiffs to their friends, family, and professional colleagues, instigating a workplace investigation into Plaintiffs that resulted in their termination, and prosecuted them for crimes they did not commit." (*Id.*)  Following the jury trial involving Plaintiffs Athwal and Atwal, the charges against Plaintiffs Wells and McFarlane were either dismissed or dropped.  (*Id.* at ¶ 17.)

**II.     Motions to Compel**

By the instant motions, Moving Plaintiffs seek to take the depositions of (1) non-party David Harris, an attorney with the Stanislaus County District Attorney's Office; and (2) non-party Marlissa Ferreira, the prosecuting attorney.   Defendant County of Stanislaus does not believe these witnesses must appear for deposition.

The Moving Plaintffs do not assert claims against Harris or Ferreira.  However, other plaintiffs in related matters, which have been consolidated with the instant actions for purposes of discovery, have asserted claims against David Harris and Marlissa Ferreira.  *See generally Defillipo v. County of Stanislaus*, et al., 1:18-cv-496-TLN-BAM (Doc. 99), *Quintanar, Jr. v. County of Stanislaus, et al.*, 1:18-cv1403-TLN-BAM (Doc. 68), and *Estate of Carson v. County of Stanislaus,* et al., 1:20-cv-747-TLN-BAM (Doc. 55).  In the related matters, Harris and Ferreira have moved to dismiss the claims against them based, in part, on assertions of prosecutorial immunity.  *Id.*

*///*

3

**A.     Parties' Positions**

<u>Moving Plaintiffs' Position</u>

Moving Plaintiffs assert four primary reasons for compelling the depositions at issue. First, Moving Plaintiffs contend that testimony from Harris, Chief Deputy District Attorney, and Ferreira, Deputy District Attorney, is relevant to the claims against the County of Stanislaus. In particular, Moving Plaintiffs assert that Harris and Ferreira both spent a significant amount of time with the Task Force investigating the disappearance and murder of Korey Kauffman, including attending its daily briefings and discussing what individuals should be arrested in connection with the murder. (Doc. 205 at 3.)  Additionally, Moving Plaintiffs aver that Harris and Ferreira are key fact witnesses. As examples, Moving Plaintiffs identify testimony from Cory Brown, who drafted the arrest warrant affidavits, indicating that Ferreira and possibly Harris attended a meeting to discuss the drafting and service of the arrest warrant affidavit. (Doc. 205-1, Ex. A, June 24, 2021 Cory Brown Deposition, Vol. III excerpt at 685:5-20.)  Brown also reportedly testified that the decision regarding what charges to include in the arrest warrant affidavit involved "group consensus" from, among others, Ferreira. (*Id.* at 721:13-722:2.) Beverly Woody, the mother of the state's only alleged eyewitness against Moving Plaintiffs, reportedly testified that (1) Ferreira would frequently speak with her and her son about what to say in court and (2) Ferreira told her that if her son implicated Wells and Frank Carson in Kauffman's disappearance, he would spend less time in prison. (Doc. 205-2, Ex. B., November 12, 2020 Beverly Woody Deposition excerpt at 25:2-12, 25:23-26:8.) Another Defendant, Jon Evers, reportedly testified that Harris directed the Task Force not to arrest Plaintiffs in late 2014 (Doc. 205-3, Ex. C., January 11, 2022 Jon Evers Deposition excerpt at 82:20-25.)

Second, Moving Plaintiffs contend that testimony from Harris and Ferreira is not entirely subject to immunity. Moving Plaintiffs cite actions and conduct not subject to prosecutorial immunity to include actions taken prior to a determination of probable cause, making statements at a press conference, acquiring known false statements from a witness for use in a prosecution, fabricating evidence and giving legal advice to the police. (Doc. 205 at p. 4-5.) Moving Plaintiffs assert that Harris and Ferreira are not immune for actions taken before there was a

4

1 determination of probable cause.

2 Third, Moving Plaintiffs contend that even if some of Harris and Ferreira's acts are
3 immune from prosecution, that does not mean they are immune from discovery. Moving
4 Plaintiffs comment that although Harris and Ferreira may be immune from liability, "they are not
5 shielded from discovery because their testimony is relevant to claims against municipalities
6 which are not immune." (*Id.* at p. 5, citing *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2016
7 WL 11513612, at *2, 3 (D. Ariz. Aug. 4, 2016).)

8 Fourth, and finally, Moving Plaintiffs contend that there is no basis for tying the
9 depositions to the motions to dismiss in the matters naming Harris and Ferreira as parties. Even if
10 those motions are granted, Moving Plaintiffs argue that Harris and Ferreira would still have to
11 testify.

12 Defendant's Position

13 Defendant counters against compelling the depositions of Harris and Ferreira for three
14 main reasons. First, Defendant contends that Moving Plaintiffs have not met their burden to
15 demonstrate the relevance of Harris and Ferreira's testimony. Moving Plaintiffs have no claims
16 against Harris and Ferreira in this action and, as such, Defendant asserts that the relevance of their
17 testimony to the claims is unclear. Defendant notes that Ferreira was the prosecuting attorney and
18 "the only allegations that involve Harris was an unsuccessful contempt case by Mr. Carson (SAC
19 pp. 42(n) and 79)." (Doc. 205 at 6.) Defendant further asserts that this lack of clarity by Moving
20 Plaintiffs is compounded because no written discovery has been conducted as to these two
21 witnesses. Defendants believe it is premature to require testimony prior to any written discovery.

22 Defendants also believe that relevancy is complicated by the fact that the instant actions
23 are consolidated with the other matters in which Harris and Ferreira are named as defendants.
24 This makes it difficult to understand whether the testimony is being sought to be used against
25 them as defendants and whether the scope of questions involves questions that are subject to
26 immunities.

27 Second, Defendant contends that regardless of whether Harris and Ferreira are produced
28 as witnesses or as defendants, the scope of questions is likely to involve matters not relevant

5

1  because of immunity.  Defendant argues that prosecutors have absolute immunity for the decision
2  to prosecute a criminal suspect and in proceeding with that prosecution.  Defendant further argues
3  that this immunity extends to pre-litigation acts pertaining to a defendant's prosecution and even
4  protects quasi-judicial conduct such as maliciously initiating and pursuing a prosecution, using
5  perjured testimony at trial, and suppressing material evidence at trial.  (Doc. 205 at 7, citing
6  *Imbler v. Pactman*, 424 U.S. 409, 431 (1976).)  Additionally, Defendant argues that a prosecutor
7  is absolutely immune for direct participation in a probable cause hearing and for preparing and
8  filing charging documents.  This immunity also extends to prosecutorial acts that involve malice,
9  bad faith, or conspiracy or to any alleged failure or refusal to adequately investigate accusations
10 before filing changes.  Defendant avers that this broad immunity applies to prosecutors Harris and
11 Ferreira.  Defendant faults Moving Plaintiffs for failing to articulate a scope of questioning that
12 avoids delving into matters that would otherwise be subject to immunity.
13     Third, Defendant contends that the motion should be denied because Harris and Ferreira
14 have motions to dismiss pending in related cases.
15     As a final matter, Defendant contends that given the pending motions to dismiss and
16 prosecutorial immunity, the Court should issue a protective order as to Harris and Ferreira at least
17 until their motions to dismiss are decided.  Defendant asserts that this would allow Harris and
18 Ferreira to know if the testimony would be relevant to the defense of the actions against them.
19 Defendant avers that "[t]his matter could then be revisited as to the scope of testimony given that
20 immunity would apply, at the very least once criminal charges were filed."  (Doc. 205 at 8.)
21     **B.     Legal Standards**
22     A district court has wide discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d
23 278, 289 (9th Cir. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).
24 "Unless otherwise limited by court order ... [p]arties may obtain discovery regarding any
25 nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs
26 of the case[.]" Fed. R. Civ. P. 26(b)(1).  The party seeking to compel discovery has the burden of
27 establishing that the information is relevant. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional*
28 *Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).  "In turn, the party opposing discovery has the

burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.*

Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1). However, the Federal Rules of Civil Procedure also provide that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (A) forbidding the disclosure or discovery; (B) specifying terms . . . for the disclosure or discovery; … (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1); *see also Forte v. County of Merced*, No. 1:11-cv-00318-AWI-BAM, 2014 WL 4745923, *6 (E.D. Cal. Sept. 23, 2014) (reasoning that a court may enter a protective order sua sponte); *accord, McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (indicating that under Rule 26(c), a court may sua sponte grant a protective order for good cause shown); *Coleman v. Schwarzenegger*, CIV S-90-0520 LKK JFM P, C01-1351 THE, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007) ("Under Federal Rule of Civil Procedure 26(c), and in the inherent discretion of a court to manage its own discovery, a court may sua sponte enter a protective order for good cause shown.").

**C.     Discussion**

As an initial matter, the Court questions whether Moving Plaintiffs' motion is premature. There is no indication from the moving papers or the Joint Statement re Discovery Dispute that Moving Plaintiffs have noticed the depositions of Harris and Ferreira. Rather, Moving Plaintiffs explain that Defendant reportedly has not provided any dates for the depositions. (*See* Doc. 205 at 3.) A motion to compel attendance at a deposition is not ripe for decision where no notice or subpoena has issued and the deposition has not yet occurred. *Moore v. Superway Logistics, Inc.*, No. 1:17-cv-01480-DAD-BAM, 2019 WL 2285392, at *3 (E.D. Cal. May 29, 2019), citing *Linares v. Costco Wholesale, Inc.*, 2013 WL 5434570, at *6 (S.D. Cal. Mar 7, 2013) (reasoning that a motion to compel deposition testimony is not ripe for decision where the deposition has yet to occur). The Court appreciates the parties' advance efforts to address and resolve discovery

7

1   disputes but cautions the parties against potentially premature motions to compel.  The Court will
2   nonetheless address the parties' dispute.

3   Here, the parties disagree on whether testimony from Harris and Ferreira is relevant.  To
4   be discoverable, information must first be relevant to a party's claim or defense.  Fed. R. Civ. P.
5   26(b)(1).  Evidence is relevant if it has any tendency to make the existence of any fact that is of
6   consequence to the determination of the action more probable or less probable than it would be
7   without the evidence. Fed. R. Evid. 401.  The Court has broad discretion in determining relevancy
8   for discovery purposes. *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 560 (S.D. Cal. 2019)
9   (citing *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005), *U.S. Fidelity*
10  *and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011)).  Discovery also
11  must be proportional to the needs of the case before it is permissible.  Fed. R. Civ. P. 26(b)(1).

12  Moving Plaintiffs contend that testimony from Harris and Ferreira is relevant because they
13  are key fact witnesses.  Defendant counters that the relevance of Harris and Ferreira's testimony
14  is unclear as the Moving Plaintiffs have no claims against Harris or Ferreira.

15  While Defendant correctly notes that Harris and Ferreira are not parties to the actions
16  brought by the Moving Plaintiffs, it nevertheless appears from the joint statement that Harris and
17  Ferreira may be percipient witnesses to certain factual allegations underlying the Moving
18  Plaintiffs' claims.  Despite the Moving Plaintiffs' failure to specify the scope of deposition
19  testimony sought from Harris and Ferreira, the joint statement suggests that discovery concerns at
20  least the investigation of the disappearance and murder of Korey Kauffman by the Task Force,
21  the drafting of arrest warrants or advice to the Task Force, and actions taken prior to a
22  determination of probable cause.   These areas of inquiry appear to be relevant to Moving
23  Plaintiffs' claims, but this does not end the inquiry.

24  In challenging the relevance of Harris and Ferreira's testimony, Defendant also argues that
25  prosecutorial immunity wholly prohibits the depositions.  Moving Plaintiffs disagree and assert
26  that, at a minimum, testimony regarding the investigation is not subject to immunity and Harris
27  and Ferreira are not immune for actions taken before a determination of probable cause.

28  There are competing lines of case law, including in the district courts of this circuit, on the

issue of whether absolute prosecutorial immunity extends to an absolute prohibition from discovery against a non-party prosecutor. *See Colonies Partners LP v. Cty. of San Bernardino*, No. 5:18-cv-00420-JGB (SHKx), 2019 WL 7905894, at *5 (C.D. Cal. Dec. 5, 2019) (discussing cases opposing lines of cases regarding the depositions of non-party prosecutors). For example, in *Chang v. United States*, 246 F.R.D. 372 (D.D. C. 2007), the court extended the absolute immunity of prosecutors from civil suits for damages, as expressed by the Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409 (1976), to discovery in a civil action, regardless of whether the prosecutors were named defendants. *Id.* at 374. The court in *Chang* found that "the principles of prosecutorial immunity are meant to ensure that neither the specter of damages liability nor the litigation process itself weakens the prosecutor's ability to engage in the 'vigorous decision-making' required by the office." 246 F.R.D. at 374 (citation omitted). Other courts have followed this reasoning to preclude or limit the depositions of non-party prosecutors. *See*, *e.g.*, *Dowling v. Arpaio*, No. CV-09-1401-PHX-JAT, 2011 WL 1456732, at *5 (D. Ariz. Apr. 15, 2011) ("To allow a party to depose a prosecutor, even though the prosecutor is not a named party to the action, would implicate the same concerns that have been articulated above, namely a chilling effect on a prosecutor's decision-making and thought processes. The Court will not allow Defendant, or future defendants, to create an end run around the protections and prohibitions articulated in *Imbler*."); *Karunyan v. Maricopa, Cty. of*, No. CV-10-00198-PHX-ROS, 2015 WL 13747126, at *2 (D. Ariz. Feb. 3, 2015) (recognizing a limited privilege precluding plaintiffs from inquiring or seeking documents regarding non-party prosecutors' actions "intimately associated with the judicial phase of the criminal process") (citation omitted).

In contrast, other courts have overruled assertions of prosecutorial immunity and allowed the depositions of non-party prosecutors. *See*, *e.g.*, *Colonies Partners*, 2019 WL 7905894, at *5 (following more persuasive strain of cases directly addressing the point of being able to depose a party otherwise protected by immunity in a civil suit; overruling prosecutorial immunity-based objection to depositions of non-party prosecutors); *Caples v. City of Phoenix*, No. CV-14-02619-PHX-SRB, 2017 WL 10128323, at *2 (D. Ariz. Sept. 5, 2017) ("Absolute prosecutorial immunity does not extend to an absolute prohibition from discovery in a civil suit not brought against the

prosecutor or the prosecutorial agency when the prosecutor may have information that is relevant to the claims or defenses in the case. The Court rejects the claim for a protective order based on prosecutorial immunity."); *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2016 WL 11513612, at *2 (D. Ariz. Aug. 4, 2016) (finding reliance on theory of absolute immunity misplaced where prosecutors not named as defendants; limiting deposition of prosecutors based on deliberative process privilege).

The parties have not cited and there appears to be "no controlling case law" preventing the depositions of non-party prosecutors. *See Norton*, 2016 WL 11513612, at *2. The Court finds persuasive the line of cases allowing for the deposition of non-party prosecutors regarding facts that are relevant to the civil case. Indeed, the Court finds persuasive that while prosecutors may be immune from liability, non-party prosecutors are not absolutely immune from discovery in a civil suit. In the present circumstances, however, Harris and Ferreira are not simply non-party prosecutors. Rather, they are named defendants in cases consolidated for purposes of discovery with the instant actions.

Given that Harris and Ferreira are named parties in the consolidated cases, the Court finds good cause to grant Defendant's request for a protective order as to these individuals, at least until resolution of their pending motions to dismiss. Fed. R. Civ. P. 26(c)(1). Awaiting resolution of the motions will allow for a determination regarding the status of Harris and Ferreira as parties or non-parties and also will allow for a determination regarding the scope of any immunity, which has not yet been resolved. Moving Plaintiffs may revisit the request to depose Harris and Ferreira following resolution of Harris and Ferreira's motions to dismiss. Moving Plaintiffs are advised that in the absence of any clear indication of the testimony they seek, the Court may be unable to determine whether the depositions may proceed or if Harris and Ferreira have valid bases— whether arising from prosecutorial immunity or other privileges—for not providing deposition testimony. Therefore, in advance of a renewed motion, the parties shall meet and confer regarding the scope of anticipated deposition questioning, including the scope of any documents requested. Any renewed motion must clearly identify the scope of any disputed deposition questioning and disputed documents.

**III. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motions to compel county defendant to produce David Harris and Marlissa Ferreira for deposition are denied without prejudice (Docs. 201 and 86); and

2. Defendant's request for protective order is granted as to witnesses David Harris and Marlissa Ferreira until their motions to dismiss and assertions of immunity in *Defillipo*, 1:18-cv-496-TLN-BAM, *Quintanar, Jr.,* 1:18-cv1403-TLN-BAM (Doc. 68), and *Estate of Carson*, 1:20-cv-747-TLN-BAM are resolved.

IT IS SO ORDERED.

Dated:   **July 28, 2022**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

11