UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants.<br>_____<br>WALTER W. WELLS, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00311-DJC-BAM<br><br>ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL DEFENDANT COUNTY OF STANISLAUS TO RESPOND TO REQUESTS FOR ADMISSION<br><br>(Doc. 220)<br><br><br>Case No. 1:20-cv-00770-DJC-BAM<br><br>(Doc. 102) |

Currently before the Court is a discovery dispute brought by Plaintiffs Baljit Athwal and Daljit Atwal and Plaintiffs Walter Wells and Scott McFarlane (together the "Moving Plaintiffs") to compel Defendant County of Stanislaus ("the County") to provide substantive responses to Plaintiffs' Requests for Admission served on September 9, 2022. The individual actions brought by the Moving Plaintiffs have been consolidated for purposes of discovery, along with the actions

1

of *Defillipo v. County of Stanislaus, et al.*, 1:18-cv-496-DJC-BAM, *Quintanar, Jr. v. County of Stanislaus, et al.*, 1:18-cv1403-DJC-BAM, and *Estate of Carson v. County of Stanislaus, et al.*, 1:20-cv-747-DJC-BAM.  The parties filed a Joint Statement Re Discovery Disagreement in their respective cases.  (*See* Doc. 222 (*Athwal*); Doc. 104 (*Wells*).)  The Court deemed the matter suitable for resolution without oral argument and vacated the hearing.  L.R. 230(g).

Having considered the motions, the parties' briefing and the record in these matters, Moving Plaintiffs' motions to compel the County to provide substantive responses to Plaintiffs' Requests for Admission served on September 9, 2022, will be denied.

**I.     RELEVANT BACKGROUND**

Plaintiffs Baljit Athwal and Daljit Atwal,[1] brothers who own convenience stores in Turlock, California, brought a civil rights action arising out of "attempts . . . to implicate [them] in the murder of an individual to secure a false murder conviction against prominent defense attorney Frank Carson."  (Doc. 169, *Athwal* Second Amended Compl. at ¶¶ 1-2.)  Plaintiffs Athwal and Atwal allege that defendants "concocted a far-fetched story whereby Mr. Carson supposedly engaged in a sweeping conspiracy with others, including … Plaintiffs … to murder [Korey] Kauffman for allegedly stealing some scrap metal from his property."  (*Id.* at ¶ 8.)  Plaintiffs Athwal and Atwal further allege that defendants "engaged in a retaliatory pattern of harassment and abuse toward Plaintiffs, which included unlawfully arresting them without probable cause on multiple occasions, unlawfully interrogating them for hours, setting their bail at $10 million each, and maliciously prosecuting them for supposedly participating in Mr. Carson's purported murder plot."  (*Id.*)  Plaintiffs were tried for the murder and found not guilty on the charges against them.  (*Id.* at ¶ 17.)

Plaintiffs Walter Wells and Scott McFarlane, former California Highway Patrol ("CHP") officers, brought a related civil rights action arising out of accusations that they were engaged in a conspiracy with Mr. Carson and others to murder Korey Kauffman.  (*See generally* Doc. 61, *Wells* Second Amended Compl.)  Plaintiffs Wells and McFarlane allege that defendants "engaged

---

[1] Plaintiffs' last names are spelled differently. (Second Amended Complaint (Doc. 169), n. 1.)

2

in a retaliatory pattern of harassment and abuse toward Plaintiffs, which included reaching out to the CHP so that they would conduct an internal affairs investigation to pressure Plaintiffs into testifying against Carson, unlawfully arresting them without probable cause, charging former Officer Wells with crimes for which there was no bail, and maliciously prosecuting them for supposedly participating in attorney Carson's purported murder-for-hire plot." (*Id.* at ¶ 8.) Plaintiffs Wells and McFarlane further allege that "Defendants defamed Plaintiffs to their friends, family, and professional colleagues, instigating a workplace investigation into Plaintiffs that resulted in their termination, and prosecuted them for crimes they did not commit." (*Id.*) Following the jury trial involving Plaintiffs Athwal and Atwal, the charges against Plaintiffs Wells and McFarlane were either dismissed or dropped. (*Id.* at ¶ 17.)

## II. MOTIONS TO COMPEL

By the instant motions, Moving Plaintiffs seek to compel the County to respond to thirty (33) requests for admissions ("RFAs"),[2] which relate to a 325-page arrest warrant affidavit signed and submitted by former Sheriff's Department Deputy Cory Brown to support the arrest of Plaintiffs. The arrest warrant was issued by Madera County Superior Court Judge Mitchell Rigby. (Doc. 222 at p. 2 (*Athwal*); Doc. 104 at p. 2 (*Wells*).) Among the claims brought by the Plaintiffs in this action against the County and its employees are claims for judicial deception and malicious prosecution. (*Id.*)

### A. Parties' Positions

Moving Plaintiffs' Position

Moving Plaintiffs assert that at the heart of their claims is that the arrest warrant affidavit prepared by the County and others to prosecute Plaintiffs is misleading, in part because it fails to include facts that were known to the County's investigators and that a reasonable judge would find material to a determination of probable cause. In support of their judicial deception claims, Moving Plaintiffs served the County with RFAs. In response, the County served objections to a number of requests, including the thirty-three requests at issue here, which seek admissions "that

---

[2] The thirty-three RFAs that are the subject of these motions are: 20, 21, 24, 26, 29, 32, 34, 36, 38, 41, 44, 47, 49, 52, 55, 58, 61, 64, 67, 69, 75, 78, 81, 85, 88, 91, 94, 96, 98, 103, 105, 107, and 108.

3

certain facts were *not* disclosed in the 325-page arrest warrant affidavit." (Doc. 222 at p. 3 (*Athwal*); Doc. 104 at p. 3 (*Wells*)) (emphasis in original). Moving Plaintiffs claim that the County has taken the position that "it will not admit that certain information was omitted from the arrest warrant affidavit because the requests are not relevant and cherry-pick omissions in an inherently argumentative way." (Doc. 222 at p. 3 (*Athwal*); Doc. 104 at pp. 3-4 (*Wells*).) Moving Plaintiffs counter that the RFAs seek relevant information and that the County has no basis for refusing to respond.

Moving Plaintiffs aver that the admissions are relevant, would expedite trial, and are not unduly burdensome. As to relevance, Moving Plaintiffs assert that admissions regarding what information law enforcement chose not to include in the arrest warrant affidavit are plainly relevant to Plaintiffs' allegations that the County made deliberately false statements, recklessly disregarded the truth, and made falsifications in the arrest warrant affidavit. As to expediting trial, Moving Plaintiffs assert that because the record in this case is immense, the RFAs will help present certain facts fairly and efficiently to the jury. Moving Plaintiffs indicate that they have not been able to obtain these admissions through other means because witnesses, such as Cory Brown, could not recall what was (or was not) in the 325-page arrest warrant affidavit. As an example, Moving Plaintiffs report that Cory Brown testified that he "could not recall whether the arrest warrant affidavit mentioned that Charlie O'Dell told Mr. Brown that Michael Cooley was involved in the disappearance of Korey Kauffman." (Doc. 222 at p. 5 (*Athwal*); Doc. 104 at p. 5 (*Wells*)). Moving Plaintiffs assert that having witnesses sift through the document on the stand is not practical, and that the County is uniquely situated to make the admissions.

Moving Plaintiffs further aver that the requests are not inherently argumentative or otherwise objectionable. According to Moving Plaintiffs, the requests "ask the County to admit that certain information pulled directly from police reports and other investigatory documents related to the investigation of Korey Kauffman's disappearance and murder was not included in the arrest warrant affidavit." (Doc. 222 at p. 6 (*Athwal*); Doc. 105 at p. 6 *(Wells).*) Moving Plaintiffs reportedly identified and attached the source of information pulled from the police reports and other investigatory documents and then asked the County to admit that such

4

information was missing from the arrest warrant affidavit.  Moving Plaintiffs contend that the County's claims that the requests are inherently argumentative because they leave out why certain information may have been omitted is not a basis for refusing to the answer the request.  Per Moving Plaintiffs, the requests only seek to establish a record of what was omitted from the arrest warrant affidavit.

As a final matter, Moving Plaintiffs argue that the County's assertion that the RFAs are not proper or relevant under *Monell* has been waived because it was not made in the County's responses.  Even if not waived, Moving Plaintiffs assert that the requests are all relevant to whether the County properly prepared its employees, including the many employees who reviewed the affidavit before it was submitted to the court.  Moving Plaintiffs also assert that the affidavit was reviewed by the District Attorney, a decisionmaker under *Monell*, prior to its submission to the Court and that the County clearly ratified the search warrant through its review by the District Attorney and the failure to discipline any employees based on the many substantive omissions from the affidavit.  (Doc. 222 at pp. 8-9 (*Athwal*);  Doc. 104 at pp. 8-9 (*Wells*).)

County's Position

The County first objects that the Joint Statement fails to address each of the 33 requests individually, making it difficult to adjudicate the objections to each RFA.

As to the RFAs specifically, the County argues that they are not directed to address a *Monell* issue, and thus are not relevant to the County.  The County asserts that it cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory.

According to the County, the RFAs will not shortcut issues for trial as claimed by Moving Plaintiffs because the Court will be required to determine the materiality of alleged false statements or omissions, not a jury, citing *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002). The County further argues that the RFAs presume the materiality of any omission, but there are any number of reasons for denying the allegedly claimed omission, such as the witness's statement was uncorroborated, or never confirmed, or proven false, or was not found to be credible.

**B.     Legal Standards**

A district court has wide discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "Unless otherwise limited by court order ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking to compel discovery has the burden of establishing that the information is relevant. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.*

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

"The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

**C.     Discussion**

Although there are thirty-three disputed RFAs, the parties address only five specific examples: RFAs 20, 21, 24, 47, and 103. (Doc. 222 at pp. 11-14 (*Athwal*); Doc. 104 at pp. 11-14

(*Wells*)).

**RFA No. 20**: Admit that the Arrest Warrant affidavit does not state that Korey Kauffman's step-father, Kevin Pickett, wrote "Korey (missing)" next to March 29, 2012.

**RESPONSE TO RFA No. 20**: Objection. Insofar as the Arrest Warrant Affidavit is three hundred twenty-five pages, it is burdensome to require the County to review it to determine whether specific language is contained or not contained in the entirety of the document, particularly in that the request seeks information not maintained in the ordinary course of business, and/or the affidavit is the best evidence of what is contained or not contained therein. The request further is vague as to time in that no time frames are delineated, assumes facts, is compound and conjunctive (particularly as to who wrote what, when, and the relationship) vague as phrased, and argumentative insofar as the request is intended to imply any omission is either material or relevant. The defects preclude Defendant from responding. To the extent a response is deemed required, based on the objections, Defendant is unable to admit or deny the request, and on that basis, denies the request.

**RFA No. 21**: Admit that the Arrest Warrant Affidavit does not state that some of Korey Kauffman's relatives thought he went missing on March 29, 2012.

**RESPONSE TO RFA No. 21**:
Objection. Insofar as the Arrest Warrant Affidavit is three hundred twenty-five pages, it is burdensome to require the County to review it to determine whether specific language is contained or not contained in the entirety of the document, particularly in that the request seeks information not maintained in the ordinary course of business, and/or the affidavit is the best evidence of what is contained or not contained therein. The request further is vague as to time in that no time frames are delineated, assumes facts, is compound and conjunctive (who wrote what, and when), vague as phrased (which relatives, when was this opinion formed), and argumentative insofar as the request is intended to imply any omission is either material or relevant. The defects preclude Defendant from responding. To the extent a response is deemed required, based on the objections, Defendant is unable to admit or deny the request, and on that basis, denies the request.

**RFA No 24**: Admit that the Arrest Warrant Affidavit does not state that the opinions by Jim Cook were in part based in "inherently misleading" methods.

**RESPONSE TO RFA No. 24**: Objection. Insofar as the Arrest Warrant Affidavit is three hundred twenty-five pages, it is burdensome to require the County to review it to determine whether specific language is contained or not contained in the entirety of the document, particularly in that the request seeks information not maintained in the ordinary course of business, and/or the affidavit is the best evidence of what is contained or not contained therein. The request further is vague as to time in that no time frames are delineated, assumes facts, is compound and conjunctive, vague as phrased, and argumentative as phrased (as it is based on a misinterpretation of testimony) insofar as the request is intended to imply any omission is either material or relevant. The defects preclude Defendant from responding. To the extent a response is deemed required, based on the objections, Defendant is unable to admit or deny the request, and on that basis, denies the request.

**RFA No. 47**: Admit that the Arrest Warrant Affidavit does not state that David McMillan was possibly a witness or person of interest.

**RESPONSE TO RFA No. 47**: Objection. Insofar as the Arrest Warrant Affidavit is three hundred twenty-five pages, it is burdensome to require the County to review it to determine whether specific language is contained or not contained in the entirety of the document, particularly in that the request seeks information not maintained in the ordinary course of business, and/or the affidavit is the best evidence of what is contained or not contained therein. The request further is vague as to time in that no time frames are delineated, assumes facts, is compound and conjunctive (as phrased), vague as phrased, and argumentative insofar as the request is intended to imply any omission is either material or relevant. The defects preclude Defendant from responding. To the extent a response is deemed required, based on the objections, Defendant is unable to admit or deny the request, and on that basis, denies the request.

**RFA No. 103**: Admit that the Arrest Warrant Affidavit does not state that a confidential informant claimed that Brandon Starr may have killed Korey Kauffman because Korey Kauffman stole Brandon Star's Indian antique motorcycle.

**RESPONSE TO RFA No. 103**: Objection. Insofar as the Arrest Warrant Affidavit is three hundred twenty-five pages, it is burdensome to require the County to review to determine whether either specific language is contained or not contained in the entirety of the document, particularly in that the requests seeks information not maintained in the ordinary course of business, and/or the affidavit is the best evidence of what is contained therein. The request further is vague as to time in that no time frames are delineated, assumes facts and compound and conjunctive (that the informant said anything, to whom, the contents, timing), and vague as phrased and argumentative insofar as the request is intended to imply any omission is either material or relevant. The defects preclude Defendant from responding. To the extent a response is deemed required, based on the objections, Defendant is unable to admit or deny the request, and on that basis, denies the request.

Having considered these RFAs and responses, the Court finds that Moving Plaintiffs' motions to compel should be denied for two main reasons. First, the Court agrees that the RFAs are burdensome, and the County's objection on that basis is justified. Fed. R. Civ. P. 36(a)(6). This is particularly true given that the County, as an entity, did not author the search warrant affidavit. Moving Plaintiffs have indicated that Cory Brown signed and submitted the affidavit, and Cory Brown is a defendant in the action involving Plaintiffs Wells and McFarlane. Although Moving Plaintiffs assert that it would be burdensome at trial to have a witness review the document to determine whether it omitted certain information, they fail to adequately explain why they could not have adequately questioned Defendant Brown during the course of his deposition regarding the contents of, and any omissions from, the affidavit, and refresh his

recollection if he were unable to recall. Moving Plaintiffs also fail to explain why the RFAs could not have been directed to Defendant Brown or other purported authors of the search warrant affidavit, who arguably are more familiar with its contents. Because the admissions sought can be obtained from some other source that is more convenient and less burdensome, and the County is not the author of the affidavit, the Court will not compel the County to provide further responses. Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring that the court limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Second, it appears from the responses identified that the County has entered a denial to each of the requests, albeit subject to the stated objections. The Court declines to consider whether the denials are accurate or factually supported. Rule 36 does not authorize a court to make a factual determination about the responding party's denial, nor does it allow the court to determine the accuracy of a denial. *Owens v. Degazio*, No. 2:16-cv-2750 JAM KJN P, 2019 WL 4929812, at *5 (E.D. Cal. Oct. 7, 2019) (citations omitted); *see also Landreth v. Lehil*, No. 2:20-CV-00472-DMC-P, 2023 WL 2480644, at *6 (E.D. Cal. Mar. 13, 2023).

### III.     CONCLUSION AND ORDER

For the reasons stated, Plaintiffs' Motions to Compel Defendant County of Stanislaus to Respond to Requests for Admission are DENIED.

IT IS SO ORDERED.

Dated:  **April 11, 2023**                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE

9