ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
MAngueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Plaintiffs
WALTER W. WELLS and SCOTT MCFARLANE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER W. WELLS and SCOTT MCFARLANE,<br><br>               Plaintiffs,<br><br>      v.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; KIRK BUNCH; JON EVERS; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; and GALEN CARROLL,<br><br>               Defendants. | Case No. 1:20-cv-00770-DJC-BAM<br><br>**STIPULATED PROTECTIVE ORDER** |

sf-5609565

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, including but not limited to: confidential investigative materials related to *The People of the State of California v. Frank C. Carson, et al.*, Stanislaus Superior Court Case No. 1490969; investigation and other law enforcement related records concerning individual parties and witnesses relevant to this case; confidential personnel records of peace officers; confidential official information, including sensitive law enforcement deliberative information; and personal financial, family, employment, and medical information.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Rule 141 of the Local Rules of the United States District Court for the Eastern District of California sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

        2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including confidential investigative materials related to *The People of the State of California v. Frank C. Carson, et al.*, Stanislaus Superior Court Case No. 1490969; investigation and other law enforcement related records concerning individual parties and witnesses relevant to this case; confidential personnel records of peace officers; confidential

1                        STIPULATED PROTECTIVE ORDER

official information, including sensitive law enforcement deliberative information; and personal

financial, family, employment, and medical information.

      2.3   <u>Designating Party:</u>  a Party or Non-Party that designates information or items that

it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY."

      2.4   <u>Disclosure or Discovery Material:</u>  all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

      2.5   <u>Expert:</u>  a person with specialized knowledge or experience in a matter pertinent to

the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

as a consultant in this action; (2) is not a past or current employee of a Party; and (3) at the time

of retention, is not anticipated to become an employee of a Party.

      2.6   <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or

Items:</u>  extremely sensitive "Confidential Information or Items," disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

less restrictive means, including confidential personnel records of peace officers; confidential

official information, including sensitive law enforcement deliberative information; and personal

financial, family, employment, and medical information.

      2.7   <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal

entity not named as a Party to this action.

      2.8   <u>Counsel of Record:</u>  attorneys who have appeared in this action on behalf of the

party or governmental entity or are affiliated with a law firm which has appeared on behalf of that

party.

      2.9   <u>Party:</u>  any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and Counsel of Record (and their support staff).

      2.10   <u>Producing Party:</u>  a Party or Non-Party that produces Disclosure or Discovery

Material in this action.

2

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.13    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

sf-5609565

1  including the time limits for filing any motions or applications for extension of time pursuant to
2  applicable law.

3  5.  DESIGNATING PROTECTED MATERIAL

4      5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party
5  or Non-Party that designates information or items for protection under this Order must take care
6  to limit any such designation to specific material that qualifies under the appropriate standards.
7  The Designating Party must designate for protection only those parts of material, documents,
8  items, or oral or written communications that qualify—so that other portions of the material,
9  documents, items, or communications for which protection is not warranted are not swept
10 unjustifiably within the ambit of this Order.

11     Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
12 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
13 unnecessarily encumber or retard the case development process or to impose unnecessary
14 expenses and burdens on other parties) expose the Designating Party to sanctions.

15     If it comes to a Designating Party's attention that information or items that it designated
16 for protection do not qualify for protection, that Designating Party must promptly notify all other
17 Parties that it is withdrawing the mistaken designation.

18     5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order
19 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
20 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
21 designated before the material is disclosed or produced.

22     Designation in conformity with this Order requires:

23         (a)    for information in documentary form (e.g., paper or electronic documents,
24 but excluding transcripts of depositions or other pretrial or trial proceedings) that the Producing
25 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'
26 EYES ONLY" to each page that contains protected material.  If only a portion or portions of the
27 material on a page qualifies for protection, the Producing Party also must clearly identify the
28 protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

each portion, the level of protection being asserted. Alternatively, the Producing Party may designate an entire production or storage device (such as CD or flash drive) as confidential by including notice of such designation or including "CONFIDENTIAL" in the title of each designated file.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

               (b)      <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or in a writing to all parties within 30 business days of receipt of the deposition or hearing transcript, all protected testimony and specify the level of protection being asserted.  A Designating Party may specify at the deposition or up to 30 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

sf-5609565

1    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

2    CONFIDENTIAL—ATTORNEYS' EYES ONLY."

3          Transcripts containing Protected Material shall have an obvious legend on the title page

4    that the transcript contains Protected Material, and the title page shall be followed by a list of all

5    pages (including line numbers as appropriate) that have been designated as Protected Material and

6    the level of protection being asserted by the Designating Party.  The Designating Party shall

7    inform the court reporter of these requirements.  Any transcript that is prepared before the

8    expiration of a 30-day period for designation shall be treated during that period as if it had been

9    designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety unless

10   otherwise agreed.  After the expiration of that period the transcript shall be treated only as

11   actually designated.

12          (c)    for information produced in some form other than documentary and for any

13   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

14   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

15   or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only a portion or portions

16   of the information or item warrant protection, the Producing Party, to the extent practicable, shall

17   identify the protected portion(s) and specify the level of protection being asserted.

18          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

19   designate qualified information or items does not, standing alone, waive the Designating Party's

20   right to secure protection under this Order for such material.  Upon timely correction of a

21   designation, the Receiving Party must make reasonable efforts to assure that the material is

22   treated in accordance with the provisions of this Order.

23   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

24          6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

25   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

26   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

27   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

28

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge pursuant to the Meet and Confer provisions above, the Parties consent to judicial resolution of the dispute by the Magistrate Judge Barbara McAuliffe, and agree to utilize the informal telephonic conference of discovery disputes provided for in Magistrate Judge McAuliffe's Standing Order, Section 6, whereby the Parties will jointly submit a two-page synopsis of their dispute to the Court 48 hours prior to a scheduled telephonic conference with the Court.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by a

sf-5609565

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party: (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

9

STIPULATED PROTECTIVE ORDER

sf-5609565

1     (c)     cooperate with respect to all reasonable procedures sought to be pursued by

2  the Designating Party whose Protected Material may be affected.[1]

3     If the Designating Party timely seeks a protective order, the Party served with the

4  subpoena or court order shall not produce any information designated in this action as

5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a

6  determination by the court from which the subpoena or order issued, unless the Party has obtained

7  the Designating Party's permission.  The Designating Party shall bear the burden and expense of

8  seeking protection in that court of its confidential material—and nothing in these provisions

9  should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

10  lawful directive from another court.

11  9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

12          LITIGATION

13     (a)     The terms of this Order are applicable to information produced by a Non-

14  Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

15  ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

16  this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

17  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

18     (b)     In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's confidential information in its possession, and the Party is subject to an

20  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

21  Party shall:

22          (i)     promptly notify in writing the Requesting Party and the Non-Party

23  that some or all of the information requested is subject to a confidentiality agreement with a Non-

24  Party;

25

26

27

28

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

sf-5609565

(ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

sf-5609565

order that provides for production without prior privilege review.  Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the stipulated protective order

submitted to the court.

12.   MISCELLANEOUS

     12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

     12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Order. Similarly, no Party waives any

right to object on any ground to use in evidence of any of the material covered by this Order.

     12.3   Filing Protected Material.  Without written permission from the Designating Party

or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record in this action any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with Local Rule 141. Protected Material may only be filed under

seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.   FINAL DISPOSITION

     Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such

material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are

sf-5609565

entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: August 9, 2023                              Respectfully submitted,

                                                   MORRISON & FOERSTER LLP


                                                   By:  /s/ Arturo J. González
                                                        Arturo J. González

                                                   *Attorneys for Plaintiffs*
                                                   WALTER W. WELLS AND SCOTT
                                                   MCFARLANE

Dated: August 9, 2023                              PORTER SCOTT, APC


                                                   By:  /s/ John R. Whitefleet
                                                        John R. Whitefleet

                                                   *Attorneys for Defendants*
                                                   COUNTY OF STANISLAUS, KIRK
                                                   BUNCH, DALE LINGERFELT, STEVE
                                                   JACOBSON AND BIRGIT FLADAGER

Dated: August 9, 2023                              CASTILLO MORIARTY TRAN
                                                   AND ROBINSON


                                                   By:  /s/ Patrick D. Moriarty
                                                        Patrick D. Moriarty

                                                   *Attorneys for Defendant*
                                                   CITY OF MODESTO

sf-5609565

1

**Attestation of Concurrence in the Filing**

2

   The filer, Arturo J. González, attests that all other signatories listed on whose behalf this

3

filing is submitted concur in the filing's content and have authorized the filing.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-5609565

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of California on _____ [date] in the case of Wells, et al. v.

County of Stanislaus, et al., Case No. 1:20-cv-00770-DJC-BAM.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

sf-5609565

**ORDER**

The Court adopts the stipulated protective order submitted by the parties.  The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing.  The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document.  The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated:   **August 10, 2023**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

16                              STIPULATED PROTECTIVE ORDER

sf-5609565